**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

SALOMON GIRAL PIEDRA,

Petitioner,

v. CIVIL ACTION NO. 3:26-0689

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition for Habeas Corpus relief filed by Petitioner **Salomon Giral Piedra** (Petition, ECF No. 1) and Respondents' corresponding Motion to Dismiss (Resp. Order Show Cause & Mot. Dismiss, ECF No. 8).

Petitioner was arrested on the morning of October 29, 2026, within the interior of the United States, in or around Barboursville, West Virginia, following a traffic stop. Pet. ¶ 14. The Petition was entered around 10:16 a.m. on the same day. *See* Pet. After his arrest, Petitioner was transported to the ICE processing facility in Poca, West Virginia. Resp. Order Show Cause & Mot.

Dismiss at 4. He was then transported to Moshannon Valley Processing Center in Philipsburg, Pennsylvania, where he is presently detained. *See id.* at 5.[1]

In his Petition for Habeas Corpus, Petitioner alleges that his detention violated (1) the Fifth Amendment's Due Process Clause, 2) 8 U.S.C. § 1226(a) and its implementing regulations, 3) the Fourth Amendment, and 4) the Suspension Clause. Pet. ¶¶ 25–49.[2] Specifically, Petitioner alleges that "no immigration officer or decisionmaker has determined that physical confinement is justified by a legitimate governmental purpose in Petitioner's case—i.e., the risk of flight or danger to the community." *Id.* ¶ 16.

In their Response to the Order to Show Cause and Motion to Dismiss, Respondents state they "believe[] this matter can be decided without a hearing." Resp. Order Show Cause & Mot. Dismiss at 2. Likewise, Petitioner "has no objection to this Court granting the petition and ordering his release prior to the filing of a reply brief and without a hearing[.]" Pet.'s Notice at 1, ECF No. 9.

In reviewing the record, there is no evidence that Respondents provided Petitioner with a Form I-286 for Notice of Custody Determination. *See* ECF No. 8-1. Nor is there evidence of an assessment of Petitioner's flight risk or danger to the community. *See id.* Accordingly, the Court finds that Respondents have failed to meet their burden of demonstrating that Petitioner received an individualized custody determination consistent with 8 U.S.C. § 1226(a). As in *Francisco Javier Escamilla v. Venturella*, No. 3:26-cv-662 (S.D. W. Va. Oct. 30, 2026), ECF No. 25, Respondents' failure to provide Petitioner with an individualized custody determination violates both § 1226(a) and its implementing regulations and the Due Process Clause. Respondents have

[1] During transportation to that facility, Petitioner filed a Motion for an Order to Show Cause, ECF No. 6, alleging that Respondents moved Petitioner out of the Southern District of West Virginia against the Court's Order to Show Cause, ECF No. 5. *See* ECF No. 6. The Court will address that Motion when it is ripe for review.
[2] The Court need not address Counts Three or Four of the Petition to grant relief.

failed to meaningfully exercise their discretion and have thus denied Petitioner a sufficient opportunity to be heard under § 1226(a). Moreover, Respondents' failure to provide this fundamental feature of due process fails the *Mathews* test and denies Petitioner due process. Thus, this Court's opinion in *Escamilla* is adopted and forms the basis for this brief opinion.

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1) and **DENIES** Respondents' Motion to Dismiss (ECF No. 8).

Accordingly, the Court **ORDERS** Respondents to **PROMPTLY RELEASE** Petitioner **Salomon Giral Piedra** for pickup at his current place of detention, no later than **Tuesday, November 3, 2026 at 3:00 p.m.** The Court **ORDERS** Respondents to facilitate the prompt return of all property seized incident to Petitioner's detention, including legal documents. Respondents shall file a notice of compliance with the Court.

The Court **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1225 and are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1226(a) absent notice, a reasonable opportunity to obtain counsel, and a constitutionally adequate custody determination hearing before a neutral and detached decisionmaker. Respondents are **PERMANENTLY ENJOINED** from imposing any conditions or restraints on Petitioner's liberty (including but not limited to an ankle monitor, curfew, or electronic monitoring) without an individualized assessment of the need for such restraints and a pre-deprivation hearing before a neutral and detached decisionmaker.

The Hearing previously scheduled for Thursday, November 5, 2026 is **CANCELED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 2, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE